

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

April 3, 2026

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *United States v. Amit Forlit*, 22 Cr. 645 (JMF)

Dear Judge Furman:

The Government respectfully submits this letter-motion to request that the Court exclude time in the above-captioned matter under the Speedy Trial Act between today's date and the date of the initial pretrial conference, April 16, 2026.

Yesterday evening, the defendant arrived in the United States following his extradition from the United Kingdom. This afternoon, the defendant appeared before United States Magistrate Judge Sarah Netburn for an initial appearance and arraignment. At the conclusion of the arraignment, the Government requested, over an objection from the defendant, that the Court exclude time from the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), through April 16, 2026. The Court deferred ruling on that request and instructed the parties to bring the matter to this Court's attention.

As the Court knows, Section 3161(h)(7)(a) of Title 18 of the United States Code permits the Court to exclude in computing the time within which the trial of an offense must commence any period of delay if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Here, the defendant is charged in a three-count indictment with conspiracy to commit computer hacking, conspiracy to commit wire fraud, and substantive wire fraud in connection with his alleged involvement in a massive computer-hacking campaign targeting companies and individuals in the United States and around the world. The charges span at least eight years and involve multiple alleged co-conspirators and the discovery is voluminous. The Government expects to produce several terabytes of data, including search warrant returns from numerous email and electronic accounts. The requested exclusion will permit the Government to prepare discovery for production and begin its discovery production (once an appropriate protective order is in place), will allow the defendant time to begin review of the voluminous discovery, and will provide time for the parties to discuss the potential for any pretrial resolution. Accordingly, the Government respectfully submits that

the ends of justice served by granting this exclusion outweigh the best interest of the public and the defendant in a speedy trial.

   Thank you for the Court's consideration of this matter.

         Respectfully submitted,

         JAY CLAYTON
         United States Attorney

       by: /s/ *Brandon D. Harper*
         Olga I. Zverovich
         Juliana N. Murray
         Brandon D. Harper
         Assistant United States Attorneys
         (212) 637-2514/2314/2209

cc:  Defense counsel (via ECF)